NOT FOR PUBLICATION                                          (Doc. Nos. 12, 21)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                                    :
LORETTA DIDONATO,                                   :
                                                    :         Civil No. 15-8377 (RBK/KMW)
                                                    :
                Plaintiff,                          :         **OPINION**
                                                    :
                                                    :
                                                    :
                v.                                  :
                                                    :
IMAGINE ONE TECHNOLOGY &                            :
MANAGEMENT, LTD,                                    :
                              Defendant.            :
_____            :

**KUGLER**, United States District Judge:

        This matter comes before the Court on Imagine One Technology & Management, Ltd.

("Defendant")'s Motion to Dismiss or Transfer Venue (Doc. No. 12) and Loretta DiDonato

("Plaintiff")'s Motion to Strike Defendant's Reply to Plaintiff's Opposition to Defendant's

Motion to Dismiss or Transfer Venue (Doc. No. 21). For the following reasons, Defendant's

Motion to Dismiss of Transfer Venue is **DENIED IN PART and GRANTED IN PART**.

Plaintiff's Motion to Strike is **DENIED**, and Plaintiff's request for leave to file sur-reply is

**DENIED AS MOOT**.

**I.  FACTUAL BACKGROUND**

    Plaintiff, a citizen of New Jersey, originally filed this action in the Superior Court of New

Jersey, Camden County on or about October 20, 2015, seeking damages for Defendant's alleged

breach of an employment contract with Plaintiff. Compl. (Doc. No. 1). Defendant removed the

case to this Court on December 1, 2015 based on diversity of citizenship between the parties. Defendant is a defense contractor with its principal place of business in Virginia. Def.'s Br., at 1 (Doc. No. 12-1).

Plaintiff applied for a position with Defendant as a Software Engineer at the Naval Systems Engineering Station in Philadelphia, Pennsylvania. Compl. at ¶ 1. Plaintiff received a conditional offer letter of employment from Defendant on October 27, 2011. Compl., Ex. A. Defendant's letter indicated that Plaintiff's offer was contingent upon "approval by the government/customer" and her ability to pass a Department of Defense background check and acquire Department of Defense security clearance. *Id.* Plaintiff accepted the position via e-mail on October 27, 2011. Compl., Ex. B. On November 2, 2011, Defendant's agent, Shelly Silver, informed Plaintiff that her resume was not accepted by their government customer because modified requirements for the position included a preference for an entry level/junior candidate. Silver Decl., Ex. A (Doc. No. 12-4).

On November 12, 2013, Plaintiff filed a Chapter 7 Bankruptcy petition. Aron Decl., Ex. B (Doc No. 12-5). The petition noted Plaintiff's wrongful termination case in the Eastern District of Pennsylvania as personal property, but did not make note of the instant cause of action. The United States Bankruptcy Court for the District of New Jersey discharged Plaintiff's debt and closed her bankruptcy case on February 21, 2014. Aron Decl., Ex C.

Plaintiff filed the complaint for the instant matter on October 20, 2015 in the Superior Court of New Jersey, Camden County, alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and requested punitive damages. *See* Compl. Defendant removed the case to this court on December 2, 2015 on the basis of diversity jurisdiction. Notice and Petition for Removal (Doc. No. 1).

2

In February 2016, Defendant sent Plaintiff a letter requesting that she voluntarily dismiss her claims with prejudice for lack of standing. *See* Aron Decl., Ex. D.  The letter outlined many of the arguments in the instant motion to dismiss. *Id.* The thrust of Defendant's standing argument in the letter was that Plaintiff lacks standing to raise her claims because she failed to disclose the contingent claims against Defendant in her Chapter 7 filings. *Id.* Plaintiff explains that she did not learn of her potential claim against Defendant until hearing Ahmed Majumder's testimony in the *Mabus* case in 2015. DiDonato Decl. (Doc. No. 19-1). Plaintiff declined to aver to Defendant's request.

Defendant now seeks dismissal of Plaintiff's complaint for lack or standing or on the grounds of judicial estoppel. Alternatively, Defendant argues that that the case should be transferred to the United States District Court for the Eastern District of Virginia.

## II.  STANDARD

### A.  Motion to Dismiss

Defendant's motion to dismiss based on the assertion that Plaintiff lacks standing is technically an attack on this Court's subject matter jurisdiction and is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1).

A motion to dismiss based on lack of standing must be brought under Federal Rule of Civil Procedure 12(b)(1) because standing is jurisdictional. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). A motion to dismiss for lack of subject jurisdiction pursuant to Rule 12(b)(1) may be brought at any time and may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In the second type of 12(b)(1) motion, the court does not presume that the allegations in the plaintiff's

complaint are true, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Furthermore, the plaintiff has the burden of proving that the court has subject matter jurisdiction. *Id.* If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice. *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155–56 (3d Cir.1997).

   B.   **Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)**

   The decision whether to transfer an action pursuant to § 1404(a) rests in the Court's discretion and is reviewed for abuse of discretion. *Nat'l Prop. Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324, 326 (D.N.J. 1995) (citing *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 631-32 (3d Cir. 1989)). The party seeking transfer of venue bears the burden of establishing that transfer is warranted and must submit "adequate data of record" to facilitate the Court's analysis. *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993). Before transferring venue, the Court must articulate specific reasons for its decision. *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 44 (3d Cir. 1989); *Ricoh*, 817 F. Supp. at 480.

# III.  DISCUSSION

   A.  **Motion to Dismiss**

   Defendant raises two grounds for dismissal. The Court first addresses Defendant's argument that Plaintiff's complaint should be dismissed because she did not reveal the existence of her claims in her bankruptcy filings she is estopped from pursuing them. Judicial estoppel is intended to prevent a litigant from asserting a position inconsistent with one that they have previously asserted in the same or in a previous proceeding. *In re Chambers Dev. Co.*, 148 F.3d 214, 229 (3d Cir.1998). "It is not intended to eliminate all inconsistencies, however slight

4

or inadvertent; rather, it is designed to prevent litigants from playing fast and loose with the courts." *Id.* Three elements comprise the doctrine of judicial estoppel: (1) "the party to be estopped must have taken two positions that are irreconcilably inconsistent"; (2) the party took the inconsistent positions "in bad faith-i.e., with intent to play fast and loose with the court"; and (3) application of the doctrine is "tailored to address the harm identified and no lesser sanction would adequately remedy the damage done by the litigant's misconduct." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319-20 (3d Cir. 2003) (internal citations omitted). In the Third Circuit, a rebuttable inference of bad faith arises when the plaintiff had knowledge of the claim and "a motive to conceal the claim in the face of an affirmative duty to disclose." *Id.* (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416-18 (3d Cir. 1988)); see also *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 363 (3d Cir. 1996).

Plaintiff meets the first of the requirements for judicial estoppel, as her two positions are "irreconcilably inconsistent." Though the Third Circuit has never expressly held that denying the existence of outstanding claims in the context of a bankruptcy proceeding, without more, is inconsistent with pursuing such claims in a separate civil action, the "doctrine of judicial estoppel frequently arises in the context of a failure to list a claim as an asset in a bankruptcy, and the inconsistent pursuit of an undisclosed claim." *Castillo v. Coca-Cola Bottling Co. of E. Great Lakes*, No. 06-183, 2006 WL 1410045, at *2 (E.D. Pa. May 22, 2006); *see, e.g.*, *Ryan*, 81 F.3d at 362; *Oneida*, 848 F.2d at 419.

As to the second prong, there is no indication that Plaintiff took these inconsistent positions with an intention to "play[] fast and loose" with the courts. Defendant cites to *Krystal Cadillac-Oldsmobile* for the proposition that Plaintiff cannot simply amend her bankruptcy

5

petition to include the claim against Imagine One. Def.'s Br., at 7. Here, unlike *Krystal Cadillac-Oldsmobile*, there is no basis to suggest that Plaintiff "limited the reference to the instant claim in order to conceal the claims." *See Krystal Cadillac-Oldsmobile*, 337 F.3d at 320. Plaintiff declared that she was unaware of her potential claims against Defendant until several years after her bankruptcy was discharged. DiDonato Decl. Because Plaintiff did not know about claims against Defendant, bad faith may not be inferred, and the second prong for judicial estoppel is not met. Therefore, Plaintiff's claims will not be dismissed based on judicial estoppel.

In addition to judicial estoppel, Defendant argues that Plaintiff's claims should be dismissed because Plaintiff lacks standing. The United States Bankruptcy Code provides that, once a petitioner files for bankruptcy, all of their assets become property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). Plaintiff acknowledges that claims arising from pre-bankruptcy occurrences are assets of the bankruptcy estate, even if the debtor is unaware of the claim. Pl.'s Opp'n Br., at 6-7 (citing *Segal v. Rochelle*, 382 U.S. 375, 379-80 (1966); *In re O'Dowd*, 233 F.3d 197, 203-04 (3d Cir. 2000)). However, the Court finds that it is not inevitable that Plaintiff's claim must be dismissed. The Court notes that the Trustee for Plaintiff's bankruptcy estate has already moved to reopen the bankruptcy to disclose this claim. Hildebrand Letter (Doc. No. 25). Furthermore, the Bankruptcy Court issued an order approving Plaintiff's counsel, William B. Hildebrand, as special counsel for the Trustee to pursue this claim. *See* July 29, 2016 Order Authorizing Retention of William B. Hildebrand, Esquire (Case No. 13-34726-JNP Doc. No. 47-44).

The Court declines to dismiss Plaintiff's claim for lack of standing. The Chapter 7 Trustee, Andrew Sklar, will be joined as a Plaintiff against Imagine One pursuant to Federal Rule of Civil Procedure 17(a)(3).

Defendant argues that the Trustee also lacks a viable claim against them because of New Jersey's Entire Controversy Doctrine. As a threshold matter, the Court finds that, while the Entire Controversy Doctrine is an affirmative defense that must be plead in an initial response, Defendant's arguments should not be struck because the argument was raised in response to Plaintiff's previously unraised contention that the Trustee should be allowed to pursue the claims. *See Rycoline Prods., Inc., v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Therefore, Plaintiff's Motion to Strike is denied.

Defendant argues that any attempt to join the bankruptcy Trustee would be futile by operation of the Entire Controversy Doctrine because Plaintiff should have amended her complaint in the *Mabus* case in the Eastern District of Pennsylvania to include Defendant. The Third Circuit has held that the Entire Controversy Doctrine "applies to bar claims in a federal-court when there was a previous state-court action involving the same transaction." *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 163 (3d Cir. 1991). The instant case does not, however, present a previous state-court action involving the same transaction. This case presents a previous federal-court action. Defendant cites no case law to suggest application of the Entire Controversy Doctrine is appropriate in a federal district court based on an action is a different district court. The Court declines to dismiss Plaintiff's claims under the Entire Controversy Doctrine. In light of this holding, Plaintiff's Motion for Permission to File a Sur-reply is denied as moot.

Finally, Defendant attempts to argue that there is no basis for Plaintiff's claims because Ahmed Majumder's deposition that put Plaintiff on notice of her potential claim occurred in a case where Defendant had no opportunity to cross-examine the witness. Def.'s Reply Br., at 4-5. Defendant cites several cases in which courts disregarded such testimony at the summary

judgment phase. *Id.* The instant motion, however, is a motion to dismiss. Mr. Majumder's

deposition in this *Mabus* case gives a sufficient basis for the parties to depose him in this case.

Defendant will have ample opportunity to depose Mr. Majumder.

### B. Motion to Transfer Pursuant to 28 U.S.C. 1404(a)

Defendant's motion to transfer venue is brought pursuant to 28 U.S.C. § 1404(a). Section

1404(a) provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have

been brought." § 1404(a). On a motion to transfer venue under § 1404(a), Courts are not limited

to consideration of the three factors enumerated in the statute. *See Jumara v. State Farm Ins. Co.*,

55 F.3d 873, 879 (3d Cir. 1995). Rather, Courts have "broad discretion to determine, on an

individualized, case-by-case basis, whether convenience and fairness considerations weigh in

favor of transfer." *Jumara*, 55 F.3d at 883 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22,

30–31 (1988)).

Courts ruling on § 1404(a) motions must take into account a wide range of public and

private interests in determining whether a transfer is appropriate.

The Third Circuit has identified the following private factors as being significant to the

§ 1404(a) analysis:

> Plaintiff's forum preference as manifested in the original choice;
> the defendant's preference; whether the claim arose elsewhere; the
> convenience of the parties as indicated by their relative physical
> and financial condition; the convenience of the witnesses—but
> only to the extent that the witnesses may actually be unavailable
> for trial in one of the fora; and the location of books and records
> (similarly limited to the extent that the files could not be produced
> in the alternative forum).

*Yocham v. Novartis Pharm. Corp.*, 565 F. Supp. 2d 554, 557 (D.N.J. 2008) (quoting *Jumara*, 55

F.3d at 879).

The public interest factors to be considered are:

> The enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestions; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Yocham*, 565 F. Supp. 2d at 557 (quoting *Jumara*, 55 F.3d at 879–80).

However, "the burden of establishing the need for transfer still rests with the movant," and "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879. "[U]nless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail." *Shutte v. Amco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal citations omitted).

a.   *Private Interest Factors*

The first factor, Plaintiff's choice of forum, weighs against transfer. The Plaintiff is a resident of New Jersey and therefore chose her home forum.

The second factor, Defendant's preference for forum weighs slightly in favor of transfer. Defendant is a citizen of Virginia with relevant witnesses and papers in Virginia.

The third factor, whether the claim arose elsewhere weighs in favor of transfer. Plaintiff argues that her claim against Defendant arose in New Jersey. Pl.'s Opp'n Br., at 14 (Doc. No. 19). This argument cites the Restatement (Second) of Conflict of Laws § 188 cmt. e (AM. LAW INST. 1971), which explains that the place of contract for choice of law purposes is "the place where occurred the last act necessary, under the forum's rules of offer and acceptance, to give the contract binding effect . . . ." Defendant argues that a claim for breach of contract "arises at the place of performance of the contract," which in this case would be the state in which Plaintiff would have worked, Pennsylvania. Def.'s Reply Br., at 8 (quoting *Hudson Marine Mgmt. Servs.*

*v. Thomas Miller (Miami) Inc.*, No. 05-5197, 2006 WL 1995131, at *6 (D.N.J. July 13, 2006) (Doc. No. 20). Plaintiff further argues that her claims for misrepresentation and detrimental reliance arose in New Jersey because the Plaintiff relied on the alleged misrepresentations in New Jersey. Pl.'s Opp'n Br., at 14-15. Defendant responds that any alleged misrepresentation or omission on their part would have "occur[ed] in the district where they were transmitted or withheld, not where they [were] received." *Id.* (quoting *Metro. Life Ins. Co. v. Bank One, N.A.*, Nos. 03-1882, 03-2784, 2012 WL 4464026, at * 17 (D.N.J. Sep. 25, 2012)). This would mean that any claim regarding Defendant's alleged misrepresentations or omissions occurred in Virginia. The Court finds that Defendant has the better of this argument; Plaintiff's claims arose in Pennsylvania and Virginia, respectively. Therefore, this factor weighs in favor of transfer.

The fourth factor, the convenience of the parties as indicated by their relative physical and financial condition is neutral. Plaintiff is located in New Jersey and Defendants are in Virginia. Neither forum is more convenient on balance.

The fifth factor, convenience for the witnesses, weighs slightly in favor of transfer. Plaintiff has not alleged that her potential witnesses would be unavailable in Virginia, nor has Defendant asserted that potential witnesses from Imagine One would be unavailable in New Jersey. However, Defendant points to two witnesses who no longer work for Imagine One, Desiree Duemling and Barton Randall, who still live in Virginia. Def.'s Br., at 10-11. The Court finds that the presence of lay witnesses not under Defendant's control in Virginia weighs in favor of transfer.

The sixth factor, the location of books and records is neutral. Defendant claims that this factor should weigh heavily in favor of transferring the matter because none of the relevant documents are located in New Jersey. Def.'s Reply Br., at 10. Plaintiff counters that the relevant

documents will be produced during discovery, thus making them available to both parties. Pl.'s Opp'n Br., at 16. Defendant has made no contention that documents or records are not otherwise available outside of Virginia. Therefore, the Court finds that the discovery process and production of the documents neutralizes this factor.

   b. *Public Interest Factors*

The first public interest factor, the enforceability of the judgment is neutral. The Court sees no reason why a judgment in the case would not be equally enforceable in Virginia or New Jersey, even if the prevailing party would have to take administrative steps with the relevant court to achieve enforcement.

The second public interest factor, practical considerations that could make the trial easy, expeditious, or inexpensive weighs slightly in favor of transfer. Each party will be located outside of the forum, regardless of whether the case is transferred. The fact that many of the fact witnesses are located in Virginia could help make the trial easy, more expeditious, and less expensive for the parties. The Court is unconvinced that the substantial completion of written discovery will be unduly disruptive or expensive for the parties if transferred. The Court notes that discovery is far from over, as each party has depositions to take.

The third public interest factor, the relative administrative difficulty in the two fora resulting from court congestion weighs heavily in favor of transfer. In Fiscal Year 2015, the weighted number of filings per authorized judgeship in the District of New Jersey was 602. *See* U.S. Courts, *Weighted and Unweighted Filings per Authorized Judgeship—During the 12-Month Periods Ending September 20, 2015*, Tbl. X-1A (2015). The weighted number of filings per authorized judgeship in the Eastern District of Virginia for that same period was 424. *Id.* Furthermore, congestion in the District of New Jersey can be seen in the median time from filing

to civil trial: 47.8 months for the 12-month period ending June 30, 2016. U.S. Courts, *Federal Court Management Statistics—Profiles—During the 12-Month Periods Ending June 30, 2011 Through 2016* (2016). The median time from filing to civil trial in the Eastern District of Virginia during that same period was 11.1 months. *Id.* Therefore, the Court finds that this factor heavily favors transfer.

The fourth public interest factor, the local interest in deciding local controversies at home, is neutral. The Court notes that New Jersey does have an interest in vindicating the rights of its citizens, but does not find that the facts in the instant case present a local controversy. The only nexus between New Jersey and this case is the fact that the Plaintiff lives in New Jersey. Similarly, there is no strong nexus of facts which make this a local controversy for Virginia.

The fifth public interest factor, the public policies of the fora, is also neutral. The Court sees no strong policy interest for either state other than their respective interests in vindicating the rights of state citizens.

The sixth public interest factor, the familiarity of the trial judge with the applicable state law in diversity cases weighs ever so slightly against transfer. A district court judge in New Jersey will be more familiar with the applicable New Jersey law than a district court judge in the Eastern District of Virginia. The Court finds that this factor only weighs slightly against transfer because general matters of contract law are not difficult for judges in other districts to comprehend.

The movant ultimately bears the burden of showing that the balance of convenience weighs strong in favor of transfer. Defendant has shown that the private and public interest factors weigh in favor of transfer. Therefore, Defendant has met their burden under 28 U.S.C. § 1404(a). Defendant's Motion to Transfer Venue is granted.

### C. Protective Order

Defendant requested a protective order barring discovery pending the outcome of this motion. This application is denied as moot in light of the Court's holding on Defendant's motion to dismiss or transfer venue.

### D. Rule 11 Sanctions

Finally, Defendant moves for fees and costs incurred in defending against Plaintiff's meritless claims pursuant to Federal Rule of Civil Procedure 11. Sanctions awarded under Rule 11 "are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Goldenberg v. Indel, Inc.*, No. 09–5203, 2011 WL 1134454, at *2 (D.N.J. Mar.25, 2011) (citing *Watson v. City of Salem*, 934 F. Supp. 643, 662 (D.N.J. 1995); *see also Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). Indeed, the Third Circuit has recognized that Rule 11 sanctions should only be imposed in those rare instances where the evident frivolousness of a claim or motion amounts to an "abuse[] of the legal system." *Id.*

A Rule 11 motion alleging that a party has violated subsection (b) of the rule must be filed as a separate pleading. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). The instant Rule 11 motion was filed in conjunction with several other motions. Therefore, Defendant's Rule 11 motion for attorneys' fees and costs does not comply with Federal Rule of Civil Procedure 11(c)(2).

Further, before addressing the merits of a party's Rule 11 motion, the Court must determine whether the party complied with the "safe harbor" provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the

offending party, and allows twenty-one (21) days for the other party to withdraw or correct the challenged issue. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008) (citing Fed. R. Civ. P. 11(c)(2)).

Here, there is nothing in the record to indicate that Defendant complied with Rule 11(c)(2), such that Rule 11 sanctions would be appropriate. See *Ortiz v. Auto. Rentals, Inc.*, No. 09–3002, 2010 WL 3168656, at *2 (D.N.J. Aug.10, 2010). Therefore, Defendant's motion for attorneys' fees and costs is denied.

**IV.     CONCLUSION**

For the reasons stated herein, Defendant Imagine One Technology & Management, Ltd.'s motion to dismiss and motion for Rule 11 sanctions is **DENIED**. Defendant's motion for entry of a protective order is **DENIED AS MOOT**. Defendant's motion to transfer is **GRANTED**. Plaintiff's motion to strike is **DENIED**. Plaintiff's motion for leave to file sur-reply is **DENIED AS MOOT**. An appropriate order shall issue.

Dated:  __11/7/2016__                                         s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge

14